STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 4 2001

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00442 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | SUPERSEDING INDICTMENT |
| vs. | ) | |
| | ) | [18 U.S.C. §§ 1343, |
| ANDREW K. MIRIKITANI,    (01) | ) | 666, 1951, 1512 and 2] |
| SHARRON BYNUM,    (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SUPERSEDING INDICTMENT

SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges:

INTRODUCTION

1.    At all times material to this Indictment:

City Council of the City and County of Honolulu

a.    The City and County of Honolulu City Council
(hereinafter "City Council") consisted of nine members.  The
citizens of the City and County of Honolulu elected City Council
members every four years.

b.    ANDREW K. MIRIKITANI (hereinafter
"MIRIKITANI") served as an elected member of the City Council.

c.    The City and County of Honolulu operated on a
fiscal calendar year from July 1 until June 30.  For the fiscal
year 1999, running from July 1, 1998 until June 30, 1999,
MIRIKITANI's City Council office staff was budgeted $165,000 for
salary expenses, including bonuses.  Any funds remaining at the
end of the fiscal year revert to the City and County of
Honolulu's general fund.

d.    C.M., whose full name is known to the grand
jury, was employed as a senior aide at the City Council office of
MIRIKITANI; J.S., whose full name is known to the grand jury, was
employed as an aide at the City Council office of MIRIKITANI.

The Friends of Andy Mirikitani

e.    The Friends of Andy Mirikitani Campaign
Committee was established to accept campaign contributions from

2

donors and to make expenditures on behalf of MIRIKITANI's efforts
to win elective office.

        f.    A Friends of Andy Mirikitani Campaign
Committee checking account was maintained at First Hawaiian Bank.
Campaign contributions were deposited into this account, and
campaign expenditures were to be paid out of this account.

        g.    Pursuant to Hawaii Revised Statutes (HRS)
§§ 11-194 through 11-196, each candidate or committee receiving
contributions or making expenditures, the aggregate amount of
which is over $100, must file an organizational report with the
State of Hawaii Campaign Spending Commission.

        h.    The Friends of Andy Mirikitani Campaign
Committee organizational report filed in 1998 lists MIRIKITANI
as the candidate on whose behalf the committee was organized, and
lists the office sought as City Council.

        i.    Pursuant to HRS §§ 11-212 and 11-213, each
candidate or committee campaign treasurer must file periodic
reports with the Campaign Spending Commission reflecting
contributor information, cash balance, and expenditures made.

        j.    Pursuant to HRS § 11-195, all reports filed
with the Campaign Spending Commission must be certified by the
candidate and shall be open for public inspection.  Further,
HRS § 11-195 requires that reports for a candidate for a county
council shall be filed by electronic means provided that
contributions or expenditures are $5,000 or more.

k.    Pursuant to Hawaii Administrative Rules on Election Campaign Contributions and Expenditures, section 2-14.1-7, all monetary contributions to a candidate or committee shall be deposited in a financial institution no later than seven days after the contribution has been received.

THE SCHEME TO DEFRAUD

2.    From on or about May, 1999 and continuing until approximately February, 2000, in the District of Hawaii, defendant ANDREW K. MIRIKITANI knowingly devised and intended to devise a scheme and artifice to defraud and a scheme and artifice for obtaining money by means of material false and fraudulent pretenses, representations and promises, as well as omissions of material fact, from the City and County of Honolulu.

PURPOSE OF THE SCHEME TO DEFRAUD

3.    It was a purpose of the scheme to defraud:

a.    to obtain funds from the City and County of Honolulu and to convert these funds to the Friends of Andy Mirikitani and to MIRIKITANI'S personal use, enjoyment and benefit; and

b.    to conceal the conversion of these funds and prevent the detection of the conversion by making some of the converted funds appear as legitimate campaign contributions.

THE MANNER AND METHOD OF EXECUTING THE SCHEME

The scheme operated as follows:

4.    It was part of the scheme that MIRIKITANI offered to provide a bonus to C.M., provided that C.M. then provide a portion of that bonus to the Friends of Andy Mirikitani.  This scheme operated as follows:

a.    In late May or early June, 1999, MIRIKITANI approached C.M. and asked C.M. if C.M. would give a campaign contribution to the Friends of Andy Mirikitani if MIRIKITANI gave C.M. a bonus.

b.    In June, 1999, MIRIKITANI again asked C.M. if C.M. would give a campaign contribution to the Friends of Andy Mirikitani if MIRIKITANI gave her a bonus.  During this meeting, MIRIKITANI explained to C.M. that he would conceal the relationship between the bonus and the contribution by having the date of the bonus different from the date of the contribution. C.M. agreed to the proposal.

c.    In late June, 1999, MIRIKITANI authorized a bonus of $16,916.72 to be paid to C.M. from City and County of Honolulu funds.

d.    In mid July, 1999, CM received a $16,916.72 bonus from the City and County of Honolulu.

e.    In mid July, 1999, after C.M. received the $16,916.72 bonus, MIRIKITANI met with C.M. and informed her that she was to pay $4,229.18 to the Friends of Andy Mirikitani.

f.    In mid July, 1999, C.M. gave to MIRIKITANI a check written on her bank account in the sum of $4,000 payable to the Friends of Andy Mirikitani dated July 15, 1999, and a check written on her husband's bank account in the sum of $250 payable to the Friends of Andy Mirikitani dated July 15, 1999.  This payment was made to satisfy the $4,229.18 debt C.M. was to pay the Friends of Andy Mirikitani.

g.    On August 27, 1999, MIRIKITANI deposited the checks provided to him by C.M. totaling $4,250 into the Friends of Andy Mirikitani account located at the First Hawaiian Bank. MIRIKITANI then withdrew $4,000 cash from that account.

h.    In a Campaign Spending Commission report dated January 31, 2000, MIRIKITANI certified that the Friends of Andy Mirikitani campaign received a $2,000 contribution from C.M. and a $2,000 contribution from her husband, and that the contributions were deposited on August 27, 1999.  The report also reflects the repayment of $4,000 from the Friends of Andy Mirikitani to MIRIKITANI.  The report does not reflect an additional $250 contribution from C.M.'s husband.

5.    It was also part of the scheme that MIRIKITANI offered to provide a bonus to J.S., provided that J.S. then provide a portion of that bonus to MIRIKITANI.  This scheme operated as follows:

a.    In June, 1999, MIRIKITANI approached J.S. and asked J.S. if J.S. would give a campaign contribution to the

Friends of Andy Mirikitani if MIRIKITANI gave J.S. a bonus.  J.S. agreed.

   b. In June, 1999, MIRIKITANI again met with J.S., and this time told J.S. that J.S. should pay cash to MIRIKITANI.

   c. In late June, 1999, MIRIKITANI authorized a bonus of $9,616.73 to be paid to J.S. from City and County of Honolulu funds.

   d. In mid July, 1999, J.S. received $4,808.37 from the City and County of Honolulu, one-half of the $9,616.73 bonus.

   e. In mid July, 1999, after J.S. received the $4,808.37 bonus, MIRIKITANI received $1,434 in cash from J.S.

   f. In late July, 1999, J.S. received $4,808.36 from the City and County of Honolulu, the remaining one-half of the $9,616.73 bonus.

   g. In August and September, 1999, after J.S. received the $4,808.36 bonus, MIRIKITANI received $1,000 in cash from J.S. and J.S. paid $200 to a third party on behalf of MIRIKITANI.

THE WIRE

   6. On or about February 3, 2000, and in order to execute and attempt to execute the scheme to defraud, defendant ANDREW K. MIRIKITANI knowingly caused to be transmitted certain signals and writings in interstate commerce by means of wire communications, namely, data transmissions between the State of

Hawaii Campaign Spending Commission in Honolulu, Hawaii and SDR

Technologies, Inc. in Westlake Village, California.

All in violation of Title 18, United States Code

Section 1343.

COUNT 2

The Grand Jury further charges:

1.    At all times material to this Indictment:

a.    The City and County of Honolulu was a local

government that received federal assistance in excess of $10,000

during the one-year period beginning July 1, 1998.

b.    Defendant ANDREW K. MIRIKITANI (hereinafter

"MIRIKITANI") was an agent of the City and County of Honolulu as

a member of the City and County of Honolulu City Council.

2.    From on or about July 15, 1999, up until a date in

September, 1999, in the District of Hawaii, defendant MIRIKITANI,

and defendant SHARRON BYNUM as an aider and abettor, did

intentionally misapply and knowingly obtain by fraud, and

otherwise without authority convert to the use of the Friends of

Andy Mirikitani and to MIRIKITANI's use, where neither MIRIKITANI

nor the Friends of Andy Mirikitani was the rightful owner,

property of the City and County of Honolulu of a value of $5,000

or more, that is, MIRIKITANI caused the City and County of

Honolulu to pay bonuses to two employees of MIRIKITANI, so that

the employees in turn would give to MIRIKITANI, for his own

benefit and the benefit of the Friends of Andy Mirikitani,

approximately $6,884 of the bonus money that the employees received from the City and County of Honolulu.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

### COUNT 3

The Grand Jury further charges:

1.   Paragraph 1 of Count 2 of this Indictment is incorporated herein by reference.

2.   From on or about late May, 1999 until a date in September, 1999, defendant ANDREW K. MIRIKITANI, and defendant SHARRON BYNUM as an aider and abettor, did knowingly and corruptly solicit, demand, accept, and agree to accept something of value from two employees of MIRIKITANI, intending to be influenced or rewarded in connection with a transaction or series of transactions of the City and County of Honolulu involving something of value of over $5,000.

All in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2.

### COUNT 4

The Grand Jury further charges:

1.   Paragraph 1 of Count 1 of this Indictment is incorporated herein by reference.

2.   From on or about late May, 1999 until a date in September, 1999, in the District of Hawaii, defendant ANDREW K. MIRIKITANI, and defendant SHARRON BYNUM as an aider and abettor, did knowingly, willfully, and unlawfully affect and attempt to

affect interstate commerce and the movement of articles and
commodities in interstate commerce by extortion, in that
defendant ANDREW K. MIRIKITANI, and defendant SHARRON BYNUM as an
aider and abettor, unlawfully obtained approximately $6,884 not
due ANDREW K. MIRIKITANI or his office from C.M. and J.S., with
their consent, under color of official right.

All in violation of Title 18, United States Code,
Sections 1951 and 2.

### COUNT 5

The Grand Jury further charges:

On or about February 19, 2000, in the District of
Hawaii, defendant ANDREW K. MIRIKITANI did knowingly attempt to
corruptly persuade C.M. with the intent to hinder, delay, and
prevent the communication to a law enforcement officer of the
United States of information relating to the commission or
possible commission of a Federal offense, that is, ANDREW K.
MIRIKITANI'S solicitation and approval of a bonus in return for a
kickback.

All in violation of Title 18, United States Code,
Section 1512(b)(3).

### COUNT 6

The Grand Jury further charges:

On or about February 19, 2000, in the District of
Hawaii, defendant ANDREW K. MIRIKITANI did knowingly attempt to
corruptly persuade C.M. with the intent to influence the
testimony of C.M. in an official proceeding, that is, to

influence her testimony regarding ANDREW K. MIRIKITANI'S

solicitation and approval of a bonus in return for a kickback.

All in violation of Title 18, United States Code,

Section 1512(b)(1).

DATED:  February 14, 2001, at Honolulu, Hawaii.

A TRUE BILL

/S/

FOREPERSON, GRAND JURY

STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

USA v. ANDREW K. MIRIKITANI, ET AL.
Cr. No. 00-00442 HG
"Superseding Indictment"