FILED IN THE
Page THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Hawaii | |
|---|---|---|
| **Name** (under which you were convicted): <br> Andrew K. Mirikitani | Docket or Case No.: <br> CR-00-00442-HG | |
| Place of Confinement: | Prisoner No.: | |
| UNITED STATES OF AMERICA <br><br> v. | Movant (include name under which you were convicted) <br> Andrew K. Mirikitani | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
United States District Court, District of Hawaii

    (b) Criminal docket or case number (if you know): CR-00-00442-HG

2. (a) Date of the judgment of conviction (if you know): December 10, 2001

    (b) Date of sentencing: December 6, 2001

3. Length of sentence: Fifty-one (51) months and three (3) years probation

4. Nature of crime (all counts): Count 1 – Fraud by wire, radio, or television, 18 U.S.C. section 1343; Counts 2 and 3 – Theft and bribery concerning programs receiving Federal funds, 18 U.S.C. section 666(a)(1)(A), 666(a)(1)(B) and 2; Count 4 – Interference with commerce by threats or violence, 18 U.S.C. sections 1951 and 2; and Counts 5 and 6 – Tampering with a witness, victim or an informant, 18 U.S.C. sections 1512(b)(3) and 1512(b)(1).

5. (a) What was your plea? (Check one)

    (1) Not guilty ✗    (2) Guilty ▫    (3) Nolo contendere (no contest) ▫

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ✗    Judge only ▫

Page 2

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ✗     No ☐

8. Did you appeal from the judgment of conviction?     Yes ✗     No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Ninth Circuit

M Docket or case number (if you know): No. 02-10013 and No. 05-10366

(c) Result: Conviction affirmed but remanded for resentencing

(d) Date of result (if you know): August 31, 2004

(e) Citation to the case (if you know): 380 F.3d 1223 (2004) and 192 Fed. Appx. 693 (2006)

(f) Grounds raised: Opinions attached (380 F.3d 1223 (2004), Exhibit A hereto; 192 Fed. Appx. 693 (2006), Exhibit B hereto. After the notice of appeal was filed, Georgia McMillen was court-appointed as counsel for Petitioner. Petitioner's present counsel was granted leave to withdraw (on or about December 28, 2001) and until the time of the preparation and filing of this Petition has not served as counsel for Petitioner.


(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ✗

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____


(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____


10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ✗     No ☐

11. If your answer to Question I 0 was "Yes," give the following information:

(a) (1) Name of court: United States Court of Appeals for the Ninth Circuit

(2) Docket or case number (if you know): No. 02-10013

(3) Date of filing (if you know): August 13, 2004

(4) Nature of the proceeding: Motion to vacate sentence and remand for resentencing

(5) Grounds raised: See attached Order entered August 31, 2004 being Exhibit C hereto

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐    No ✗

(7) Result: See attached Order entered August 31, 2004 (Exhibit C hereto)

(8) Date of result (if you know): August 31, 2004

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐    No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ✗    No ☐

(2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: <u>The court said it was moot.</u>

12, For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: <u>SEE ATTACHED</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): SEE ATTACHMENT

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ▫    No **✗**

(2) If you did not raise this issue in your direct appeal, explain why: <u>SEE ATTACHED</u>

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ▫    No **✗**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Page 5

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes □    No □

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes □    No □

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes □    No □

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

_____

**GROUND TWO:** <u>SEE ATTACHMENT</u>_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>SEE ATTACHMENT</u>_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ✖

    (2) If you did not raise this issue in your direct appeal, explain why:  SEE ATTACHED

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ✖

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c) (4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** <u>SEE ATTACHED</u> _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>SEE ATTACHED</u> _____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ▢    No ✗

(2) If you did not raise this issue in your direct appeal, explain why: <u>SEE ATTACHED</u>

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ▢    No ✗

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ▫    No ▫

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ▫    No ▫

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ▫    No ▫

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____
_____

**GROUND FOUR:** SEE ATTACHED _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
SEE ATTACHED _____
_____
_____
_____
_____
_____
_____
_____

**(b) Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ▫  No ✗

    (2) If you did not raise this issue in your direct appeal, explain why:  <u>SEE ATTACHED</u>

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ▫  No ✗

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

      Yes ▫  No ▫

    (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ▫  No ▫

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ▫  No ▫

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) if your answer to Question (c) (4) or Question (c) (5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?      Yes ▢   No ▢

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  N/A

(b) At arraignment and plea: __John S. Edmunds, Ronald J. Verga and Katherine Kendrick,__
_841 Bishop Street, Suite 2104, Honolulu, Hawaii 96813_

(c) At trial: _____Same as above_____

(d) At sentencing: _____Same as above_____

(e) On appeal: Georgia McMillen, Esq., P.O. Box 1512, Wailuku, Maui, HI 96793

(f) In any post-conviction proceeding: None

(g) On appeal from any ruling against you in a post-conviction proceeding: ————————

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ✗ No □

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes □ No ✗

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes □   No □

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.* __N/A_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period
    shall run from the latest of—
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:  Reversal of the Judgment of
Conviction (and vacate the sentence).

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
_____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.  I am Petitioner's attorney . I have specifically been authorized and
requested by him to file this Petition and have carefully reviewed the contents with him
before signing and submitting it.

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court)
* * * * *

## ATTACHMENT (ANSWERING QUESTION #12 IN FULL)

12. **For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.**

GROUND ONE:

Ineffective assistance of court-appointed appellate counsel, Georgia McMillen. As a result, Petitioner's conviction and sentence (including his three year term of probation which will not expire for approximately three more years) were imposed and remain in effect in violation of the Fifth and Sixth Amendments to the U.S. Constitution.

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

On appeal, court-appointed counsel Georgia McMillen failed and refused to raise as errors any of the bases raised in Petitioner's Motion for a New Trial in items II (A) and (B) and III, thereof.  (A true and correct file-marked copy of said Motion, without the accompanying Exhibits thereto) is attached as Exhibit 1 and incorporated by reference herein in further response to this question.)

Specifically, Petitioner's counsel on appeal failed to raise any of the following items, denominated "II-A", "II-B" and "III" in Petitioner's Motion for New Trial as error, viz., (1) ("II-A"): That the scope of cross-examination of FBI Agent Lawrence J. Futa regarding prosecution Garrett Serikawa Was Improperly Limited, viz., that the prosecution was permitted

to prove through Garrett Serikawa that he had held a critical meeting with his son, immunized prosecution witness Jonn Serikawa, in downtown Honolulu just outside Garrett Serikawa's <u>office</u>, whereas Garrett Serikawa had previously given a statement to Agent Futa stating that said meeting took place at Garrett Serikawa's <u>home</u>, and Agent Futa created a written memorandum thereof on Government Form 302, but the trial court then refused to permit Petitioner's counsel to prove this fact by (a) introducing the statement in question through Agent Futa (being the March 13, 2000 302 Form used by Agent Futa, and also refused to permit Petitioner's counsel to question Agent Futa about said statement even without introducing it, and otherwise refused to permit proof of said statement, all on the ground that said statement was "collateral".

   In sum, the trial court first permitted both Jonn Serikawa and Garrett Serikawa to testify (over Petitioner's objection) to a purportedly <u>prior consistent statement</u> as having been made just outside Garrett Serikawa's office but then refused to permit Petitioner to prove, through Agent Futa, the existence of a statement taken down by Agent Futa which materially <u>contradicted</u> said allegedly prior consistent statement.

(2) ("II-B"): "The Scope of the Cross Examinations of Cynthia McMillan, John Serikawa and [FBI] Agent Futa ...Improperly Limited and Chilled Defendant's Ability to Cross-Examine the Government's Witnesses," all as more specifically described at p. 5, heading II-B of Petitioner's Motion for A New Trial, a copy of which is attached hereto as Exhibit 1 and

incorporated herein by reference; and

(3) ("III"): The "wire fraud" for which Petitioner was indicted and convicted was a data transmission from the Hawaii Campaign Spending Commission in Honolulu to its contractor, SDR Technologies, Inc., in Westlake Village, California, on February 3, 2000 (Superseding Indictment, paragraph 6).  However, February 3, 2000 was a date <u>after</u> the alleged bribe, kickback and receipt of funds by Petitioner had all been completed and, therefore, under the Government's version of the case, the alleged illegal conduct by Petitioner had reached  "fruition" <u>before</u> the wire communication in question (which was not sent by Petitioner). As such, said wire communication was not itself part of the implementation of any improper "scheme";

<u>(b)(2)</u>   <u>If you did not raise this issue in your direct appeal, explain why:</u>

Petitioner's court-appointed attorney refused his specific verbal and written requests to raise, and did not raise, any of the foregoing points of errors in the appeal of Petitioner's case, all as more specifically detailed in his letter to said court-appointed attorney, dated August 27, 2002 (attached to Petitioner's notarized Authorization to John S. Edmunds, dated October 25, 2007, which Authorization is in turn marked as Exhibit 2 hereto).

<u>GROUND TWO:</u>

Additional ineffective assistance of court-appointed appellate counsel, Georgia McMillen.  As a result, Petitioner's conviction and sentence (including

his current term of probation which will not expire for approximately three more

years) were imposed and remain in effect in violation of the Fifth and Sixth

Amendments to the U.S. Constitution.

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that

       support your claim.

                Petitioner's court-appointed appellate counsel also failed to raise

on appeal the trial court's erroneous refusal to permit Petitioner's trial counsel to

cross-examine Agent Futa and/or government immunized witnesses Cynthia

McMillan and/or Jonn Serikawa concerning statements made by Agent Futa

and/or then-Assistant United States Attorney J. Michael Seabright in the

presence of Ms. McMillan and/or Mr. Serikawa.


(b)(2)  If you did not raise this issue in your direct appeal, explain why:

                Petitioner's court-appointed attorney refused his specific verbal and

       written requests to raise, and did not raise, any of the foregoing points of

       errors in the appeal of Petitioner's case, all as more specifically detailed in

       his letter to said court-appointed attorne, dated August 27, 2002 (attached

       to Petitioner's notarized Authorization to John S. Edmunds, dated October

       25, 2007, which Authorization is in turn marked as Exhibit 2 hereto).

GROUND THREE:

       Additional ineffective assistance of court-appointed appellate counsel in

failing to assert as error the trial court's overly restrictive and incorrect imposition

as a "cutoff point" of December 15 (believed to be in the year 1998), prior to

which the trial court held Petitioner's counsel could not cross-examine

prosecution witness Jonn Serikawa (and/or others) about his hostility towards

Petitioner. (This occurred during at trial on June 20, 2001, at page 46 of the

reporter's official Transcript of Proceedings, Volume 4, during which the trial

court ruled that December 15 was "the cutoff date" prior to which Petitioner's

counsel could not cross-examine about either Jonn Serikawa concerning his

hostility towards Petitioner or about Mr. Serikawa's perceived hostility of

Petitioner towards Mr. Serikawa.

(b)(2)  If you did not raise this issue in your direct appeal, explain why:

 Petitioner believes his counsel inexcusably overlooked or did not

 understand the issue and the error it presented.

GROUND FOUR:

 Additional ineffective assistance of court-appointed appellate counsel

Georgia McMillen.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that

 support your claim.):

 Ms. McMillen failure to raise on appeal the argument that the combined or

cumulative effect of the errors described in Grounds One through Three, above,

denied Petitioner's right to a fair trial and to due process of law.


(b)(2)  If you did not raise this issue in your direct appeal, explain why:

Petitioner believes his counsel inexcusably overlooked or did not understand the

issue and the error it presented.

John S. Edmunds
Attorney for Petitioner