**Westlaw**

380 F.3d 1223     Page 1

380 F.3d 1223, 04 Cal. Daily Op. Serv. 8019, 2004 Daily Journal D.A.R. 10,796
**(Cite as: 380 F.3d 1223)**

**H**
U.S. v. Mirikitani
C.A.9 (Hawai'i),2004.

United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew K. **MIRIKITANI**, Defendant-Appellant.
**No. 02-10013.**

Submitted July 1, 2003.[FN*]

FN* This panel unanimously finds this case suitable for decision without oral argument. *See*Fed. R.App. P. 34(a)(2).
Withdrawn from Submission Nov. 7, 2003.
Resubmitted July 15, 2004.
Filed Aug. 31, 2004.

**Background:** Defendant was convicted in the United States District Court for the District of Hawaii, Helen Gillmor, J., for fraud and bribery, in connection with kickback scheme using city funds. Defendant appealed.

**Holdings:** The Court of Appeals, Schroeder, Chief Judge, held that:

(1) existence of a nexus between the bribe and some federal money is not an element of the offense of bribery, and

(2) remand was warranted to determine appropriate sentence.

Affirmed in part; remanded in part.

See also, 327 F.3d 986.

West Headnotes
**[1] Bribery 63 €⇒1(1)**

63 Bribery
  63k1 Nature and Elements of Offenses
    63k1(1) k. In General. Most Cited Cases
The existence of a nexus between the bribe and some federal money is not an element of the offense of bribery that must be proven to the jury beyond a reasonable doubt. 18 U.S.C.A. § 666.

**[2] Criminal Law 110 €⇒1181.5(8)**

110 Criminal Law
  110XXIV Review
    110XXIV(U) Determination and Disposition of Cause
      110k1181.5 Remand in General; Vacation
        110k1181.5(3) Remand for Determination or Reconsideration of Particular Matters
          110k1181.5(8) k. Sentence. Most Cited Cases
Remand to District Court was warranted to determine appropriate sentence for defendant convicted of fraud and bribery, in light of recent Supreme Court decision of *Blakely*, purportedly calling into question constitutionality of sentencing increases under the Sentencing Guidelines, where portion of sentence unaffected by *Blakely* decision was about to expire. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

*1224 J. Michael Seabright, Assistant U.S. Attorney, Honolulu, HI, for the plaintiff-appellee.
Georgia K. McMillen, Law Office of Georgia K. McMillen, Wailuku Maui, HI, for the defendant-appellant.

Appeal from the United States District Court for the District of Hawaii; Helen Gillmor, District Judge, Presiding. D.C. No. CR-00-00442-HG-01.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT A

380 F.3d 1223                                                                                                          Page 2

380 F.3d 1223, 04 Cal. Daily Op. Serv. 8019, 2004 Daily Journal D.A.R. 10,796
**(Cite as: 380 F.3d 1223)**

Before: SCHROEDER, Chief Judge, ALARCÓN, and FISHER, Circuit Judges.
SCHROEDER, Chief Judge:
This is an appeal by a former Honolulu city official from a conviction for fraud and bribery under 18 U.S.C. § 666. We withheld our consideration pending the Supreme Court's decision in *Sabri v. United States*, 541U.S. 600, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004), concerning the constitutionality of the statute. In light of that decision, we affirm the conviction.

**Andrew K. Mirikitani** was a member of the Honolulu City Council, and in that capacity he was provided with a budget for staff salary. Mirikitani misused his position, creating a kickback scheme that involved offering employees a salary bonus on the condition that they donate a portion of the bonus back to Mirikitani's campaign fund. As a council member, Mirikitani was responsible for spending federal funds in an amount that easily exceeded $10,000. After a jury trial, Mirikitani was convicted of (1) obtaining by fraud and converting property of the City and County of Honolulu, in violation of 18 U.S.C. § 666(a)(1)(A), and (2) bribery while intending to be influenced or rewarded in connection with a transaction of the City and County of Honolulu, in violation of 18 U.S.C. § 666(a)(1)(B).[FN1] For a more detailed *1225 account of Mirikitani's kickback scheme, see our opinion in *United States v. Bynum*, 327 F.3d 986 (9th Cir.2003), in which we affirmed the conviction of Mirikitani's co-defendant.

>    FN1. Section 666, entitled "Theft or bribery concerning programs receiving Federal funds," provides in relevant part:
>    (a) Whoever, if the circumstance described in subsection (b) of this section exists-
>    (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof-
>    (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that-
>    (i) is valued at $5,000 or more, and
>    (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or
>    (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; ...
>    shall be fined under this title, imprisoned not more than 10 years, or both.
>    (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

Mirikitani makes two arguments on appeal, both of which are foreclosed by our decision in *Bynum* and the Supreme Court's decision in *Sabri*. We therefore affirm the district court's judgment of conviction.

[1] First, Mirikitani argues that if a valid application of § 666 requires the government to prove a connection or nexus, between the bribe and some federal money, the existence of such a nexus is an element of the offense that must be proven to the jury, rather than a jurisdictional element for the court to decide. Before *Sabri*, it was an open question whether the government was required to show such a nexus. *United States v. Cabrera*, 328 F.3d 506, 510 (9th Cir.2003). We held in *Bynum*, that if a nexus was required, the existence of a nexus was a question of law to be resolved by the court, rather than an element of the offense to be decided by the jury. *Bynum*, 327 F.3d at 993.

When faced with a constitutional challenge to § 666, in *Sabri*, however, the Supreme Court not only held that a federal nexus was not an element of the crime, but it held that no federal nexus must be shown at all. *Sabri*, 541U.S. at ---- - ----, 124 S.Ct.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

380 F.3d 1223                                                                                   Page 3

380 F.3d 1223, 04 Cal. Daily Op. Serv. 8019, 2004 Daily Journal D.A.R. 10,796
**(Cite as: 380 F.3d 1223)**

at 1945-46. The Court said: "It is certainly enough that the statutes condition the offense on a threshold amount of federal dollars defining the federal interest...." *Id.* at 1946. Because the government is not required to establish a federal nexus, the district court did not err by not submitting to the jury the question of whether a federal nexus existed.

Second, Mirikitani argues that § 666 is facially unconstitutional because it exceeds Congress's authority under the Spending Clause. In *Sabri,* the Supreme Court held that Congress had the authority under the Spending Clause, U.S. Const. Art. I, § 8, cl. 1, and the Necessary and Proper Clause, U.S. Const. Art. I, § 8, cl. 18, to ensure that corrupt officials are not charged with making decisions about how taxpayer dollars are spent, even if "not every bribe or kickback offered or paid to agents of governments covered by § 666(b) will be traceably skimmed from specific federal payments, or show up in the guise of a *quid pro quo* for some dereliction in spending a federal grant." 541 U.S. at ----, 124 S.Ct. at 1946. The Court noted: "Money is fungible, bribed officials are untrustworthy stewards of federal funds, and corrupt contractors do not deliver dollar-for-dollar value. Liquidity is not a financial term for nothing; money can be drained off here because a federal grant is pouring in there." *Id.* Thus, in this regard the Supreme Court has confirmed our court's holding in *Bynum,* 327 F.3d at 991, that § 666 is facially constitutional. The conviction must be affirmed.

*1226 We turn to sentencing. After the Supreme Court decided *Sabri v. United States* and this case was effectively resubmitted, the Supreme Court decided *Blakely v. Washington,* 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[2] Mirikitani has moved for leave to file a supplemental brief so that he can argue for the first time that a jury should have been required to find the facts supporting upward adjustments to his sentence. We express no view regarding the constitutionality of the sentence imposed by the court. Because the portion of Mirikitani's sentence unaffected by *Blakely* is about to expire, however, we remand to the district court for whatever action it deems lawful and appropriate in light of *Blakely, United States v. Ameline,* 376 F.3d 967 (9th Cir.2004), *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted* 2004 WL 1713654 (Aug. 2, 2004), and *Fanfan v. United States,* 2004 WL 1723114 (D.Me. Jun. 28, 2004), *cert. granted* 2004 WL 1713655 (Aug. 2, 2004). We therefore deny Mirikitani's motion for supplemental briefing.

The district court's judgment of conviction is affirmed. The sentence is remanded to the district court to consider the applicability of *Blakely.*

AFFIRMED in part, REMANDED in part.

C.A.9 (Hawai'i),2004.
U.S. v. Mirikitani
380 F.3d 1223, 04 Cal. Daily Op. Serv. 8019, 2004 Daily Journal D.A.R. 10,796

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.