**Authorization to Attorney John S. Edmunds
Giving Permission to Attach Certain Correspondence
To My Petition for a Writ of Habeas Corpus**

      I, Andrew K. Mirikitani, do hereby authorize my attorney John S. Edmunds to copy and attach as exhibits to my Petition for a Writ of Habeas Corpus, or to any other pleading as he in his discretion deems appropriate, copies of any of the following:

      a. My letter dated August 27, 2002, to Georgia K. McMillen, Esq., who was at that time my court-appointed counsel in the case of United States v. Andrew K. Mirikitani, CA No. 02-10013; and

      b. A one page letter dated September 3, 2002, from attorney Georgia K. McMillen to me.

      I give this authorization with the knowledge that some or all of the information contained in said letters is or may be protected by the attorney-client privilege but I believe it is essential for a full presentation of the basis for my right to habeas corpus relief that the facts in those letters be attached to the petition for a writ of habeas corpus which I have authorized Mr. Edmunds to file on my behalf.

      Dated: October 25 at Waxahachie Texas.

_____
Andrew K. Mirikitani

Subscribed and sworn to before me this
25 day of October, 2007.

_____
Notary Public, State of Texas

Nancy J. Vantreese
Print or type name of Notary Public


NANCY J. VANTREESE
MY COMMISSION EXPIRES
March 29, 2011

My Commission expires: 3-29-2011

EXHIBIT 2

August 27, 2002

Georgia K. McMillen, Esq.
Law Office of Georgia K. McMillen
P.O. Box 1512
Wailuku Maui, HI 96793

RE: United States v. Andrew K. Mirikitani, CA No. 02-10013

Dear Ms. McMillen:

    Thank you for our telephone discussion yesterday on August 26, regarding your filing of the opening brief in my appeal on September 3, 2002 and your lettr dated Agust 20, 2002 which I received yesterday.

    As we discussed, your letter has advised me that you will pursue those issues previously deemed meritorious and no others, and that the meritorious issues in my appeal concern the constitutionality of 18 U.S.C. Section 666 as applied, and on its face. However, as a result of my request to you in our telephone discussion yesterday, you have informed me that you will think over my request to include the evidentiary issues that were raised in the Motion for New Trial.

    As I requested during our telephone conversation, this is to once again request that you include the section on evidentiary issues which was included in the draft opening brief which you were going to file on the first filing deadline of August 8, 2002. As we discussed, you have had strong reservations against including these issues and you included these evidentiary issues only after I requested that you include them which I have always felt strongly about and believedthat they were important and should be raised in the opening brief.

    Since you agreed to include these issues before after my request, it is reasonable to continue to include them again as contained in the draft opening brief. As I informed you during our telephone conversation I believe that it is essential that these evidentiary issues be raised in my appeal as they were originally asserted in the MOtion for New Trial. It is my understanding that good caselaw exists to support the evidentiary arguments, and the issues are not frivolous. Listing the evidentiary arguments as you had planned after I requested it, will preserve the issue on appeal and at least the chance of success on thisissue, whereas if it is not raised this will prejudice my chances and this chance will be lost forever.

Finally, given that it is well known that even reasonable lawyers can oftentimes disagree strongly on the merits of issues and, based upon my own experience as a law clerk for the Chief Judge of the Intermediate Court of Appeals which similarly had three judges, that even judges can many times view issues dramatically different at times, these evidentiary issues that were raised in the Motion for New Trial which were not deemed to be frivolous when filed before the trial court, should continue to be raised in appeal.

As you know, of all the other issues that I raised in my letters to you before, this is the only issue that I have really felt so strongly about and have gone to bat for. I would greatly appreciate it if you would please continue to include these evidentiary issues in the opening brief, and your favorable consideration of my request.

Thank you once again for all of your hard work on my appeal.

Very truly yours,

Andy Mirikitani

# Georgia K. McMillen
## Attorney at Law

P.O. Box 1512
Wailuku, Hawai'i 96793

(808) 891-9393
gmcmillen@lawyerhawaii.com

## LEGAL MAIL  ATTORNEY / CLIENT PRIVILEGED

September 3, 2002

Certified Mail, No., 7001 1140 0002 4048 5546
Andrew K. Mirikitani, No. 87950-022
FPC Nellis; C.S. 4500
North Las Vegas, NV 89036-4500

Re: United States v. Andrew K. Mirikitani, CA No. 02-10013

Dear Mr. Mirikitani:

Enclosed, please find a copy of the Opening Brief and Excerpts of Record filed on your behalf and in accordance with the Court's order of August 16, 2002. As long as I'm your lawyer, I'm not going to breach the rules of ethics and make filings before the Court I ultimately deem frivolous.

I've already moved to withdraw from this matter, which the Court denied. I have no further basis at this time. If you are strongly dissatisfied with my representation, while I'm not telling you what to do, you may choose to send me a declaration or some other statement setting out your grounds; such declaration would be the basis for my filing a renewed motion for withdrawal and substitution of counsel. The Court may find this persuasive. You may wish to send the statement directly to the Court, and not to me. But be advised that generally the Ninth Circuit will not accept pro se filings from parties already represented by counsel.

Very truly yours,

Georgia K. McMillen
Enclosures

WebSite: www.lawyerhawaii.com