EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

CLARE CONNORS              #7936
Assistant U.S. Attorney
PJKK Federal Bldg.
300 Ala Moana Blvd. Rm. 6-100
P.O. Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:   Clare.Connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 07-00542 HG-KSC |
| | ) | (CR. NO. 00-00442 HG-01) |
| Plaintiff, | ) | MOTION TO DISMISS AS UNTIMELY |
| | ) | DEFENDANT'S MOTION UNDER 28 |
| vs. | ) | U.S.C. § 2255 TO VACATE, SET |
| | ) | ASIDE, OR CORRECT SENTENCE BY |
| ANDREW K. MIRIKITANI, | ) | A PERSON IN FEDERAL CUSTODY; |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

MOTION TO DISMISS AS UNTIMELY DEFENDANT'S MOTION
MOTION UNDER 28 U.S.C § 2255 TO VACATE, SET ASIDE
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

I.  INTRODUCTION

Defendant Andrew K. Mirikitani has filed a motion ("Motion") under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. Defendant alleges that his appellate counsel provided ineffective assistance by failing to raise two evidentiary issues that had been raised in trial proceedings.

Defendant did not file his motion within one year of the date his conviction became final.  The United States thus moves this court for an order dismissing the motion on the ground that defendant's claims are barred by the applicable statute of limitations.

   II.   BACKGROUND

This motion grows out of a criminal case in which defendant, a former member of the Honolulu City Council, engaged in a kickback scheme whereby he offered staff members bonuses on the condition that they donate a portion of the bonuses back to his campaign fund.  In 2001, a jury found defendant guilty of wire fraud, conversion of property and bribery, extortion, and obstruction of justice, offenses under 18 U.S.C. §§ 1343, 666, 1951 and 1512.  On December 6, 2001, defendant was sentenced to a term of imprisonment of 51 months under the then-mandatory United States Sentencing Guidelines ("Guidelines").

Defendant took a direct appeal of the judgment.  On August 31, 2004, the Ninth Circuit Court of Appeals affirmed the conviction, but remanded the case to this Court under *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004) for a determination of whether it would reimpose the same sentence under the advisory Guidelines.  *See United States v. Mirikitani*, 380 F.3d 1223 (9th Cir. 2004).  On May 16, 2005, this Court reimposed a 51-month sentence.

Defendant took a second appeal from the judgment, arguing that the Court had engaged in judicial fact-finding in violation of the Sixth Amendment. On July 27, 2006, the Ninth Circuit affirmed the judgment. *See United States v. Mirikitani*, 192 Fed. Appx. 693, 2006 WL 2085384 (9th Cir. 2006), Ex. "B" to defendant's motion. Judgment was entered on the same date. *See* docket sheet in CA # 05-10366. Defendant had 90 days, or until October 25, 2006, in which to file a petition for writ of certiorari with the Supreme Court. Sup. Ct. R. 13.3. He did not file a petition, but instead filed this motion on October 29, 2007.

III. ARGUMENT

A. Defendant's Motion Is Barred By the Statute of Limitations

Defendant advances this collateral attack of his conviction under 18 U.S.C. § 2255. Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), section 2255 contains a one-year statute of limitation, as follows:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction became final;
> ....

28 U.S.C. § 2255, ¶ 6.

3

In construing the statute, the Supreme Court has held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524-25 (2003); *see also United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000) ("the one-year limitations period for a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time for filing the petition expires.")  The Ninth Circuit has further noted: "The proper filing date for a federal habeas petition under the AEDPA is a matter of grave importance to affected prisoners because after that date their ability to challenge the lawfulness of their incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

In this case, the judgment became final on October 25, 2006, ninety days after the Ninth Circuit affirmed the judgment of this Court.  Defendant thus had one year, until October 25, 2007, in which to file a 28 U.S.C. § 2255.  As defendant filed his motion on October 29, 2007, it should be dismissed as being time-barred.

    B.    <u>Defendant Has Not Alleged, Much Less Shown, Any Extraordinary Circumstances Warranting Equitable Tolling</u>

Section 2255's statute of limitations may be equitably tolled only "if extraordinary circumstances beyond a prisoner's

4

control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal citations omitted). Such extraordinary circumstances also must have caused the untimeliness. *Id.; see also Minter v. Beck*, 230 F.3d 663, 666-67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one-year limitation period is reserved for those rare instances where due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Miller v. New Jersey Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (equitable tolling proper when petitioner has "in some extraordinary way ... been prevented from asserting his or her rights") (internal quotation omitted). Mistaken calculations of the time limit, even by counsel, do not warrant equitable tolling of the AEDPA time limit. *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003); *see United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Defendant has not attempted to show, much less shown, why the statute of limitations should be tolled. His motion thus should be denied as untimely.[1]

---

[1] The United States submits that the Court need not, and should not, reach the merits of the defendant's motion. If, however, the Court wishes to consider the merits, the United States notes that the defendant alleges his appellate counsel failed to raise two issues on appeal. If the United States were required to respond to these claims, it would need to interview appellate counsel as to matters normally protected by the

IV.   CONCLUSION

For the reasons set forth above, the United States submits that the defendant's motion is time-barred and should be dismissed.

DATED: November 19, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By: /s/ Clare E. Connors
    CLARE E. CONNORS
    Assistant U.S. Attorney

---

attorney-client privilege.  If the Court wishes to entertain the defendant's motion, the United States requests that it enter an order finding that the defendant has waived the attorney-client privilege as to the matters raised by his motion, and set a briefing schedule that would allow sufficient time for the United States to investigate and respond to the claims.  *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer").

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF**:

JOHN S. EDMUNDS, ESQ.    jedmunds@ev-law.com,
                         mnoguchi@ev-law.com
Attorney for Defendant
Andrew Mirikitani


DATED: November 19, 2007, at Honolulu, Hawaii.


/s/ Cheri Abing