EDMUNDS & VERGA
Attorneys at Law, A Law Corporation

JOHN S. EDMUNDS    734-0
jedmunds@ev-law.com
841 Bishop Street, Suite 2104
Honolulu, Hawai`i 96813
Telephone:  (808) 524-2000
Facsimile:   (808) 528-3585

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CR 00-00442 HG

| | |
|---|---|
| ANDREW K. MIRIKITANI, | ) CIVIL NO. 00542 HG/KSC |
| Petitioner, | ) PETITIONER'S MEMORANDUM IN OPPOSITION TO USA'S |
| vs. | ) MOTION TO DISMISS AS UNTIMELY DEFENDANT'S |
| UNITED STATES OF AMERICA, | ) MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR |
| Respondent. | ) CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY FILED NOVEMBER 19, 2007; DECLARATION OF JOHN S. EDMUNDS; AND CERTIFICATE OF SERVICE |

PETITIONER'S MEMORANDUM IN OPPOSITION TO USA'S MOTION
TO DISMISS AS UNTIMELY DEFENDANT'S MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY FILED NOVEMBER 19, 2007

I.  THIS COURT IS RESPECTFULLY REQUESTED TO INVOKE THE DOCTRINE OF "EQUITABLE TOLLING" AND TREAT DEFENDANT'S PETITION AS TIMELY

At the outset, Defendant and his counsel agree that the Government's calculations of the applicable deadline periods are correct.

Defendant's counsel, John S. Edmunds, hereby states that the error in calculation was his, not that of Defendant (and not that of any other attorney in Mr. Edmunds' law firm). See attached Declaration of John S. Edmunds, Esq.

Mr. Edmunds has explained this error to Defendant Mirikitani and Mr. Mirikitani has respectfully requested this Court to invoke the doctrine of equitable tolling and to treat the Petition herein as timely filed.

As noted by the Government in the very case which it cited, Minter v. Beck, 230 F. 3d 663, 666-67 (4th Cir. 2000), "[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where due to circumstances external to the party's own conduct it would be unconscionable to enforce the limitation against the party and gross injustice would result." [1]

---

[1] Answering the point raised in the Government's Motion concerning waiver of the attorney-client privilege as to his appellate counsel (at page 5, footnote 1),

II.  **CONCLUSION**

For the foregoing reasons, this Court is respectfully requested to deny Plaintiff's motion.

DATED: Honolulu, Hawai`i, November 26th, 2007.

_____
JOHN S. EDMUNDS
Attorney for Petitioner

---

Mr. Mirikitani has expressly authorized his undersigned counsel to advise this Court that he agrees that by bringing the present Petition he has waived "...the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittker v. Woodford, 332 F. 3d 715, 716 (9th Cir. 2003)(en banc) and will again waive said privilege, in writing, should this Court wish said waiver confirmed.

3