EDWARD H. KUBO, JR.      #2499
United States Attorney
District of Hawaii

CLARE CONNORS            #7936
Assistant U.S. Attorney
PJKK Federal Bldg.
300 Ala Moana Blvd. Rm. 6-100
P.O. Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:   Clare.Connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 07-00542 HG-KSC |
| | ) | (CR. NO. 00-00442 HG-01) |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' REPLY TO |
| | ) | PETITIONER'S MEMORANDUM IN |
| vs. | ) | OPPOSITION TO UNITED STATES' |
| | ) | MOTION TO DISMISS AS UNTIMELY |
| | ) | DEFENDANT'S MOTION UNDER 28 |
| ANDREW K. MIRIKITANI, | ) | U.S.C. § 2255 TO VACATE, SET |
| | ) | ASIDE, OR CORRECT SENTENCE BY |
| | ) | A PERSON IN FEDERAL CUSTODY; |
| Defendant. | ) | EXHIBIT "A"; CERTIFICATE OF |
| | ) | SERVICE |
| _____ | ) | |

UNITED STATES'
REPLY TO PETITIONER'S
MEMORANDUM IN OPPOSITION TO UNITED
STATES' MOTION TO DISMISS AS UNTIMELY
DEFENDANT'S MOTION UNDER 28 U.S.C § 2255 TO VACATE
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

I.   INTRODUCTION

   The defendant has filed an opposition to the United States' Motion to Dismiss his petition as untimely.  In his

pleading, the defendant concedes that he missed the deadline by which to file a petition for habeas corpus relief under 18 U.S.C. § 2255.  He claims that his attorney erred in calculating the time period and requests that the Court invoke the doctrine of equitable tolling.  Since the defendant has failed to demonstrate that "extraordinary circumstances" caused the untimeliness, equitable tolling of the statute is unavailable in this case.  Minter v. Beck, 230 F.3d 663, 666-67 (4th Cir. 2000).

II.  ARGUMENT

    A.  The Defendant Has Not Alleged Any Extraordinary Circumstances Warranting Equitable Tolling

To invoke the doctrine of equitable tolling, the defendant must show that extraordinary circumstances beyond his control made it impossible for him to file a petition.  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  The Supreme Court has held that equitable tolling may be appropriate if the defendant can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis added).

Equitable tolling is an extreme remedy that is "unavailable in most cases."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  It requires a showing that forces outside the control of the defendant, rather than the defendant's lack of diligence in seeking collateral relief, resulted in his failure

to file a petition by the one year deadline.  Id.  The defendant has made no such showing in this case.

Moreover, courts that have addressed claims of attorney negligence, such as a "miscalculation of the limitations period," have found that such claims do not constitute extraordinary circumstances sufficient to warrant equitable tolling.  Frye, 273 F.3d at 1146; see also David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) (finding that "a mistake by counsel in reading the statute or computing the time limit" does not warrant equitable tolling of the AEDPA time limit).

Recently, the Supreme Court expressly held that ordinary negligence on the part of counsel is not an extraordinary circumstance warranting equitable tolling.  See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).  The Court stated:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation [of AEDPA's limitations period] is simply not sufficient to warrant equitable tolling, particularly in the post conviction context where prisoners have no constitutional right to counsel.

Lawrence, 127 S.Ct. at 1085.

In an unpublished opinion, attached hereto as Exhibit "A," the Ninth Circuit reviewed a similar claim.  See Rodriquez v. Marshall, 234 Fed. Appx. 746 (9th Cir. July 2, 2007).  In this memorandum opinion, the Court determined that a claim of

3

negligence by an attorney must be sufficiently egregious to constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations. Rodriguez, 234 Fed. Appx. at 747, quoting Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003). Here, the defendant has not made the necessary showing that his attorney's conduct rose to the egregious level required for equitable tolling to apply.[1]

III. CONCLUSION

For the reasons set forth above, the United States submits that the defendant has failed to surmount the high hurdle warranting an extension of the one-year time bar.

DATED: November 29, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By:   /s/ Clare E. Connors
      CLARE E. CONNORS
      Assistant U.S. Attorney

---

[1] As noted *supra*, the defendant has no remedy for negligence committed on the part of his attorney. In the Ninth Circuit, no ineffective assistance of counsel claims exist in cases where, as here, the defendant has no constitutional right to counsel. See Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995) (rejecting claim of ineffective assistance of counsel because there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding).

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF**:

| | |
|---|---|
| JOHN S. EDMUNDS, ESQ. | jedmunds@ev-law.com, mnoguchi@ev-law.com |
| Attorney for Defendant Andrew Mirikitani | |

DATED:  November 29, 2007, at Honolulu, Hawaii.


/s/ Cheri Abing