Westlaw.

234 Fed.Appx. 746
234 Fed.Appx. 746, 2007 WL 1959096 (C.A.9 (Cal.))
(Cite as: 234 Fed.Appx. 746)

Page 1

HRodriguez v. Marshall
C.A.9 (Cal.),2007.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)
United States Court of Appeals,Ninth Circuit.
Omero Becerra RODRIGUEZ, Petitioner-Appellant,
v.
J. MARSHALL, Warden, Respondent-Appellee.
No. 05-16942.

Argued and Submitted May 14, 2007.
Filed July 2, 2007.

Omero Becerra Rodriguez, San Luis Obispo, CA, pro se.
Katherine L. Hart, Esq., Law Offices of Katherine L. Hart, for Petitioner-Appellant.
Brian Means, Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee.

Appeal from the United States District Court for the Eastern District of California, Lawrence J. O'Neill, Magistrate Judge, Presiding.

Before: B. FLETCHER, SILER,[FN*] and HAWKINS, Circuit Judges.

> FN* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*747 MEMORANDUM [FN**]

> FN** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1 Omero Becerra Rodriguez appeals the dismissal of his habeas corpus petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. There is no dispute that his petition was untimely under 28 U.S.C. § 2244(d)(1). At issue is whether Rodriguez is entitled to equitable tolling based on his counsel's failure to notify him of the conclusion of his direct appeal in California state court.

Rodriguez filed his federal habeas petition approximately four months after the one-year deadline under AEDPA.[FN1] He argues that equitable tolling is appropriate in his case because his appellate counsel promised in writing to notify him of any actions taken by the court, yet counsel failed to contact him following the California Supreme Court's denial of his petition for review on June 11, 2003. Rodriguez claims he did not learn the status of his case until December 14, 2004, when he received a case printout from the California Supreme Court in response to his November 26, 2004 letter. In his letter to the state court, Rodriguez notes that he had attempted to contact his lawyer in writing and by phone concerning the status of his case, but had received no response. It is not clear from the record when these communications occurred.

> FN1. The statute of limitations began to run on September 9, 2003, and, because of some statutory tolling, expired on October 13, 2004. Rodriguez filed his federal petition on February 14, 2005.

**Equitabletolling** is appropriate only if Rodriguez can show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida,* --- U.S. ----, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). **Equitabletolling** is "unavailable in most cases," *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger **equitabletolling** is very high, lest the exceptions swallow the rule,"*Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000)). Ordinary negligence on the part of counsel is not an extraordinary circumstance warranting **equitabletolling**. *See Lawrence,* 127 S.Ct. at 1085 ("Attorney **miscalculation** [of **AEDPA's**limitations period] is simply not sufficient to warrant **equitabletolling**, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A

Cir.2001) (attorney **miscalculation** and "negligence in general" not sufficient to warrant **equitabletolling**). However, we have acknowledged "that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting **equitabletolling** of **AEDPA'sstatute of limitations**." *Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir.2003) (finding attorney's actions sufficiently egregious where attorney failed to prepare and file a petition although he was hired one year before the deadline; petitioner and his mother contacted the attorney numerous times seeking action; and, despite a request within the **limitations** period, attorney failed to return petitioner's file until more than two months after the **limitations** period had expired).

**2 In this case, the record is not clear as to what efforts Rodriguez made to contact appellate counsel's office or when any purported*748 communications occurred. Thus, we cannot evaluate whether appellate counsel's oversight was sufficiently egregious or whether Rodriguez acted with the requisite diligence to justify equitable tolling. We therefore REVERSE and REMAND for an evidentiary hearing to determine whether equitable tolling should apply.

C.A.9 (Cal.),2007.
Rodriguez v. Marshall
234 Fed.Appx. 746, 2007 WL 1959096 (C.A.9 (Cal.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.