IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW K. MIRIKITANI, | ) | CRIM. NO. 00-00442 HG-01 |
| | ) | CIV. NO. 07-00542 HG-KSC |
| Movant, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

Movant Andrew K. Mirikitani ("Mirikitani") has filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. The United States has filed a motion to dismiss Mirkitani's Section 2255 Motion as barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. The Court, finding that the doctrine of equitable tolling does not apply, GRANTS the United States' motion to dismiss and DENIES Mirikitani's Section 2255 Motion.

**PROCEDURAL HISTORY**

On October 29, 2007, Movant Andrew K. Mirikitani filed a Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ("Section 2255 Motion", Doc. 1, 262.)

1

On November 11, 2007, the United States filed a "Motion to Dismiss as Untimely Defendant's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Motion", Doc. 265.)

On November 26, 2007, Mirikitani filed a "Memorandum in Opposition to USA's Motion to Dismiss as Untimely Defendant's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Opp.", Doc. 266.)

On November 29, 2007, the United States filed a reply. (Doc. 267.)

## BACKGROUND

In 2001, a jury convicted Mirikitani of wire fraud, conversion of property and bribery, extortion, and obstruction of justice. The Court originally sentenced Mirikitani on December 6, 2001, to a term of imprisonment of 51 months under the then-mandatory United States Sentencing Guidelines.

Mirikitani appealed and the Ninth Circuit Court of Appeals affirmed the conviction but remanded the case under United States v. Ameline, 376 F.3d 967 (9th Cir. 2004) for a determination of whether it would impose the same sentence under the advisory guidelines.

On May 16, 2005, the Court reimposed a 51-month sentence. Mirikitani took a second appeal from the judgment and on July 27, 2006, the Ninth Circuit Court of Appeals affirmed. Judgment was

entered on July 27, 2006. Mirikitani had 90 days, until October 25, 2006, in which to file a petition for writ of certiorari with the Supreme Court. <u>See</u> Sup. Ct. R. 13.3. Mirikitani did not file a petition.

The parties do not dispute that the judgment became final on October 25, 2006, and that Mirikitani had one-year, until October 25, 2007, in which to file a Section 2255 motion. Mirikitani did not file his Section 2255 Motion until October 29, 2007.

## ANALYSIS

### *Statute of limitations under Section 2255*

Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 creates a "one-year period of limitation" in which to file a Section 2255 motion. Section 2255 identifies several dates from which the one-year period begins:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case the time period ran from the date on which Mirikitani's conviction became final.

### ***Equitable tolling does not apply to the circumstances of this case***

While Mirikitani concedes that his Section 2255 Motion is untimely, he argues that the doctrine of equitable tolling applies because the untimeliness is due to his attorney's miscalculation of the filing date.  To be entitled to equitable tolling, a movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (citation omitted).  Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry", Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), and the movant "bears the burden of showing that equitable tolling is appropriate." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

In Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), the Court of Appeals for the Ninth Circuit addressed the issue of attorney negligence in failing to timely file a petition under 28 U.S.C. 2254 as a matter of first impression.  Id. at 1145.  The Frye court held that attorney miscalculation and "negligence in

general" is not sufficient to warrant equitable tolling.  See Frye at 1146; see David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) ("mistake by counsel in reading the statute or computing the time limit" does not warrant equitable tolling of the AEDPA time limit").

Recently, in Lawrence v. Florida, 127 S.Ct. 1079, 1085 (U.S. 2007), the United States Supreme Court rejected the applicability of equitable tolling based on counsel's miscalculation of the limitations period.  The Court reasoned:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

Id. at 1085.

That said, there are some circumstances in which an attorney's conduct goes beyond mere negligence.  In an unpublished opinion, the Ninth Circuit Court of Appeals recently reiterated that a claim of attorney negligence may warrant equitable tolling of ADEPA's statute of limitations if it is sufficiently egregious.  See Rodriquez v. Marshall, 234 Fed. Appx. 746 (9th Cir. 2007); Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003) (recognizing that there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate).  The Rodriquez court

5

cited Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003), as an example of when an attorney's actions are sufficiently egregious to warrant application of the doctrine of equitable tolling.

In Spitsyn, the court found the attorney's actions to be sufficiently egregious where: the attorney failed to prepare and file a petition, although he was hired one year before the statute of limitations deadline; petitioner and his mother had contacted the attorney numerous times seeking action; and despite petitioner's request for return of his file within the limitations period, the attorney failed to return it until more than two months after the limitations period had expired. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (recognizing that attorney's conduct, if true, constituted extraordinary circumstances justifying equitable tolling); Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003) (recognizing that attorney's conduct, if sufficiently egregious, may be basis for equitable tolling). The Rodriquez court, finding the record before it to be insufficiently developed to evaluate whether the appellate counsel's oversight was sufficiently egregious or whether the petitioner acted with the requisite diligence to justify equitable tolling, remanded the case back to the district court.

In this case, Mirikitani's counsel, John S. Edumnds, has provided a declaration, attached to Mirikitani's memorandum in opposition, in support of Mirikitani's claim that equitable

6

tolling applies.

    Mr. Edmunds' declaration states that Mirikitani asked him to represent him for purposes of filing a Section 2255 motion, and that Mirikitani sent him the pertinent information concerning the various dates in the case, including the dates on which the Ninth Circuit Court of Appeals denied his second appeal and the date on which the judgement affirming his conviction was entered. (Declaration of John S. Edmunds, attached to Opp., at ¶¶3,5.) Mr. Edmunds goes on to declare: "I, and not Mr. Mirikitani, and not anyone else in my law firm, miscalculated the date on which the Petition was due under 28 U.S.C. § 2255." (Id. at ¶6.) There is no other evidence regarding the circumstance surrounding the filing of Mr. Mirikitani's untimely Section 2255 Motion.

    The Court finds that the circumstances here amount to mere negligence and, under the authority of Lawrence and Frye, do not warrant equitable tolling of the limitations period. As stated in Mr. Edmunds' declaration, he simply miscalculated the date on which the Section 2255 Motion was due. Such circumstances are not extraordinary or egregious.

    Moreover, there is no evidence that Mirikitani exercised reasonable diligence, one of the showings required for the doctrine of equitable tolling to apply. Pro se prisoners routinely file timely motions for habeas relief. Mirikitani has failed to show why he could not himself have timely filed a

7

Section 2255 Motion.  See Lawrence, 127 S.Ct. at 1085 ("Lawrence argues that his mental incapacity justifies his reliance upon counsel and entitles him to equitable tolling.  Even assuming this argument could be legally credited, Lawrence has made no factual showing of mental incapacity".)

## CONCLUSION

For the foregoing reasons,

(1) The United States' Motion to Dismiss as Untimely Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 265) is **GRANTED**;

(2) Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1 & 262) is **DENIED**;

(3) This case is now **CLOSED**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, December 20, 2007.



   /s/ Helen Gillmor
Chief United States District Judge

_____
ANDREW K. MIRIKITANI v. UNITED STATES; CRIM. NO. 00-00442 HG-01; CIV. NO. 07-00542 HG-KSC; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**